UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**FILED**
JAMES J. VILT, JR. - CLERK
MAY 27 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.                                                                      No. 3:21-cr-31

JOHN F. JOHNSON

*****

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offense he is accused of committing. Then I will pause, and you will hear closing arguments from the lawyers—but those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

### I. DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in the court. It is your job—not mine—to decide what the facts are. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found and decide whether the government has proved the Defendant guilty beyond a reasonable doubt. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

You are to consider only the evidence in the case. Unless I instruct you otherwise, the evidence in this case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who produced them), and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. Your job is to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Opinion Testimony

You heard some testimony that came in the form of the witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crime charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime he is accused of committing.

The law presumes that all defendants are innocent. This Defendant, like all defendants, starts trial with a clean slate, and without any evidence at all against him.

2

It is not up to him to prove that he is are innocent; it is up to the Government to present evidence that overcomes this presumption.

The United States has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence or the lack of evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of the crime beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element of the crime beyond a reasonable doubt, then return a not guilty verdict.

### Defendant's Testimony

You have heard the Defendant testify. Earlier, I talked to you about the "credibility" or "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the Defendant's testimony.

### Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II. RULES OF LAW

The Defendant is on trial only for the particular crimes charged in the indictment: using a deadly or dangerous weapon to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer while engaged in his official duties, and using a deadly or dangerous weapon during and in relation to a crime of violence. Your job is limited to deciding whether the Government has proved the crime charged.

### Count 1 — 18 U.S.C. § 111(b)

Federal law prohibits forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer who is performing official duties. The government charged the Defendant with using a deadly or dangerous weapon to do so. Conviction for this crime requires the Government to prove the following facts beyond a reasonable doubt: (1) the Defendant used a deadly or dangerous weapon to (2) forcibly (3) assault, resist, oppose, impede, intimidate, or interfere with (4) a federal officer who was engaged in the performance of an official duty.

Acting "forcibly" can include either proof of actual physical contact or, in the absence of physical contact, an intentional threat or display of physical aggression toward the officer that inspires fear of pain, bodily harm, or death. This includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death, regardless of whether the act is carried out or the person is actually injured.

A "deadly or dangerous weapon" includes any object that a person can readily use to inflict serious bodily harm on someone else. To show that such a weapon was "used," the Government must prove that the Defendant possessed the weapon and intentionally displayed it.

The Government must also prove beyond a reasonable doubt that the victim was a federal officer performing an official duty. Whether the Defendant knew at the time that the victim was a federal officer carrying out an official duty does not matter.

But you can't find the Defendant committed this offense if you believe that the Defendant acted only on a reasonable good-faith belief that self-defense was necessary to protect against an assault by a private citizen, and you have a reasonable doubt that the Defendant knew that the victim was a federal officer.

### Count 2 — 18 U.S.C. § 924(c)(1)(A)

It's a separate federal crime for anyone to use a firearm during and in relation to a crime of violence that may be prosecuted in a court of the United States. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt: that the Defendant (1) knowingly used or carried a firearm (2) during and in relation to the

crime charged in Count 1, which requires the use of a dangerous or deadly weapon to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer while the officer is engaged in the performance of his official duties.

To establish "use," the Government must prove active employment of the firearm during and in relation to the crime charged in Count 1. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Count 1. "Use" requires more than mere possession or storage.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1; in other words, the firearm must facilitate, or further, or have the potential to facilitate or further that crime. And its presence or involvement cannot be the result of accident or coincidence. The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The Government need not prove that a particular firearm was used or carried during and in relation to the crime of violence. If you are convinced that the Government has proved all of these elements, then return a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

The verdict form below contains a question regarding brandishment. Answer this question if and only if you find the defendant guilty on Count 2. Brandishing a firearm means the Defendant displayed all or part of the firearm, or otherwise made the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm was directly visible to that person.

5

## III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in courtroom.

Please take the instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form, write the date, and sign the verdict form on behalf of the jury.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement if you possibly can at least do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

Your verdict or answer to any question must be unanimous. All twelve members of the jury must agree on every answer to the questions and on the verdict.

If you decide that any of the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden.

The verdict form below has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, fill it out according to the jury's decision. You will then tell the officer and return with your verdict to the courtroom. All twelve of you must unanimously agree on the verdict.