**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:21-CR-00031-BJB**

UNITED STATES OF AMERICA                                                PLAINTIFF

VS.

JOHN F. JOHNSON                                                          DEFENDANT

## ORDER

Defendant John F. Johnson was found guilty of firearms offenses on May 27, 2022 (DN 56) and was sentenced to eighty-six months in prison (DN 111). On July 29, 2024, Johnson moved for compassionate release from his sentence based on a serious physical or medical condition that he is not expected to recover from. (DN 126). In conjunction with this request, Johnson filed a motion to seal twelve exhibits attached to his motion for compassionate release that contain his private health information. (DN 127). The District Judge has referred Johnson's motion to seal to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). (DN 130).

The Court has sound discretion in determining whether judicial documents and records should be sealed. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). In exercising this discretion, the Court is bound by the "long established legal tradition of the presumptive right of the public to inspect and copy judicial documents and files." *Id.* The moving party bears the burden of overcoming the public's presumptive right to access. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). That burden is a heavy one: "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Where the public interest in the matter is strong, a greater showing is necessary to overcome to presumption of access. *Id.*

A person's interest in the privacy of their health information can serve as a legitimate basis for sealing because the Health Insurance Portability and Accountability Act (HIPAA) regulations restrict health care providers' right to disclose a patient's medical information without the patient's consent. *See Frohn v. Globe Life & Accident Ins. Co.*, No. 1:19-cv-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022) (citing *Patel v. Aetna*, No. 2:17-cv-78, 2018 WL 2268147, at *1 (S.D. Ohio Apr. 3, 2018)); *see also Worthy v. Mich. Dep't of Corrections*, No. 18-12451, 2019 WL 13201917, at *1 (E.D. Mich. Nov. 19, 2019). But when a party places their medical condition at issue in a case, any applicable statutory protection is deemed waived. *See United States v. Kischnick*, No. 18-20469, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (denying motion to seal "because the information [d]efendant seeks to seal forms the primary basis of the relief he seeks") (citing *United States v. Dunlap*, No. 1:02CR165-1, 2020 WL 2062311, at *4 (M.D.N.C. Apr. 29, 2020) (denying motion to seal certain medical records in connection with motion for compassionate release where defendant's motion placed his medical condition at issue in the case)). Sealing records related an issue in the case would deprive the public of its interest in ascertaining the information, evidence, and documents on which the court relied to reach its ultimate decision. *Id.*; *see also Tyson v. Regency Nursing*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018) ("the public has a strong interest in viewing the evidence that courts base their decisions upon, even if that evidence could be deemed privileged or protected.") (citing *Shane Grp, Inc.*, 825 F.3d at 305)).

Because Johnson squarely placed his medical condition at issue in his Motion for Compassionate Release, his invocation of HIPAA protections is waived, and his request for his medical records to be sealed will be denied. However, the Court recognizes that some of these medical records include sensitive information, including Johnson's birthdate, that is protected

under Federal Rule of Criminal Procedure 49.1(a). Accordingly, the Court will require Johnson to redact this sensitive information from these exhibits and refile them in the record. Because Johnson might not file the redacted exhibits before the United States' response deadline to Johnson's Motion for Compassionate Release, the Court will order the Clerk to send copies of these unredacted exhibits to the United States.

**IT IS THEREFORE ORDERED as follows:**

(1) Defendant John F. Johnson's Motion to Seal (DN 127) is **DENIED.**

(2) The Clerk of Court shall immediately **UNSEAL** Exhibits 31, 33, and 48 to Johnson's Motion for Compassionate Release (DN 126) in the record.

(3) Johnson shall **REDACT** his birthdate from Exhibits 19-23, 25-27, 30, and 47 and **REFILE** these redacted Exhibits in the record.

(4) The Clerk of Court shall mail copies of Exhibits 19-23, 25-27, 30, and 47 to the United States for use in responding to Johnson's Motion for Compassionate Release.

Copies:       John F. Johnson, *pro se*
              Ashland Federal Correctional Institution
              Inmate Mail/Parcels
              P.O. Box 6001
              Ashland, KY 41105

              Counsel of Record