<u>Relief That Honors Just Punishment And Respect For The Law</u>

The Court does not have the statutory authority to modify a current sentence to home confinement. See <u>United States v. Townsend</u>, 631 F.App'x 373, 378 (6th Cir. 2015)(explaining that the authority to determine the place of a prsioner's confinement is delegated solely to the Bureau of Prisons); <u>United States v. Jalili</u>, 925 F.2d 889, 894 (6th Cir. 1991)(same); <u>United States v. Coates</u>, No. 13-cr-20303, 2020 U.S. Dist. LEXIS 241540, 2020 WL 7640058, at *11 (E.D. Mich. Dec. 23, 2020).

However, courts may reduce a defendant's current sentence to time served and impose a new term of supervised release and/or home confinement. See <u>United States v. Amarrah</u>, 458 F.Supp. 3d 611, 620 (E.D. Mich. 2020)(reducing sentence to time served and imposing a new term of supervised release, with the first 12 months of the release to be served in home confinement); <u>United States v. Brownlee</u>, No. 14-20562, 2020 U.S. Dist. LEXIS 191915, 2020 WL 6118549, at *6(E.D. Mich. Oct. 16, 2020)(same with a special term of 18 month of home confinement).

Dr. Johnson respectfully requests that the Court follow suit and reduce his current sentence to time served and impose a special three-year term of supervised release, with the first 18 months to be served in home confinement, to be followed by the two-year period of previously ordered supervised release. This special term of supervised release, 18 months of home detention, coupled with the sentence already served (30 months plus 3 months Good Time Credit), and in light of Dr. Johnson's chronic health conditions and life long specialized healthcare needs, will honor the twin goals of just punishment and respect for the law. Because Dr. Johnson will in effect serve the remainder of his sentence initially in home confinement for 18 months, no unwarranted disparity will result. In accordance with Joint U.S. Dist. Ct. Rules D. Ky., LR 7.1(e) the Proposed Order is submitted to the Court.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN F. JOHNSON                                            MOVANT/DEFENDANT

v.                                                         CRIMINAL ACTION NO. 3:21-CR-31-BJB

UNITED STATES OF AMERICA                                   RESPONDENT/PLAINTIFF

PROPOSED ORDER

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A) (Compassionate Release)

Upon consideration of the motion of the Defendant John F. Johnson for a reduction in sentence under Title 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, it is this ____ day of _____, 2024, ORDERED that:

1. The motion for compassionate release filed by Defendant John F. Johnson (ECF Nos. 126,134), and the same hereby ARE GRANTED after a complete review of the motion on the merits;

1. Dr. Johnson's sentence is reduced to time served and impose a special three-year term of supervised release, with a special term of 18 months of home confinement, to be followed by the two-year period of previously ordered supervised release.

Home detention, coupled with the sentence already served and in light of Defendant's severe and chronic health conditions, will honor the twin goals of just punishment and respect for the law. Likewise, the Court has considered the other § 3553(a) factors, including the kinds of sentences available, any applicable policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution.

None of these factors precludes release. Because Defendant will serve a significant period in home detention, no unwarranted disparity will result. For these reasons, this Court will exercise its considerable discretion and grant release under the conditions outlined below.

2. The Court will impose a special three-year term of supervised release under 18 U.S.C. § 3582(c)(1) that will begin immediately upon Defendant's release from custody. Defendant will be placed in home detention for a period of 18 months, to commence immediately upon his release from incarceration. Home detention shall be without electronic location monitoring unless the probation office deems it necessary. During this time, Defendant must remain at the address identified in the Motion for Compassionate Release, except for employment and other activities approved in advance by the probation officer. Defendant must maintain a telephone at the place of residence for the above period. During this time, Defendant shall also be subject to all the standard and special conditions of the two-year term of supervised release that the Court imposed in the Judgement.

3. Upon expiration of the special term of supervised release, Defendant shall begin serving the two-year term of supervised release that the Court imposed in the Judgement. To be clear, this two-year term of supervised release is to run consecutively to the special term of supervised release discussed above. The Court will enter an amended judgement and commitment order.

4. This Order is stayed for up to fourteen days, for the verification of the Defendant's residence and/or establishment of the release plan included in the Motion For Compassionate Release, to make appropiate travel arrangements, and to ensure the Defendant's safe release. The Defendant shall be released as soon as a residence is verified, appropiate travel arrangements are made, and it is safe for the Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropiate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay

should be extended.;

5. The Defendant's previously imposed conditions of supervised release are unchanged; and

6. The Clerk is DIRECTED to transmit a copy of this Order to counsel of record and to the U.S. Probation Office.

IT IS SO ORDERED

This the _____ day of _____, 2024

/s/ Benjamin Beaton

BENJAMIN BEATON

UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

_____,2024

DR. JOHN F. JOHNSON #20257-509
FCI ASHLAND FEDERAL CORRECTION INSTITUTION
P.O. BOX 6001
ASHLAND, KENTUCKY 41105



FILED
JAMES J. VILT, JR. - CLERK
OCT 21 2024
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CLERK OF COURT
GENE SNYDER U.S. COURTHOUSE
601 WEST BROADWAY
SUITE 106
LOUISVILLE, KY 40202-2238



9589 0710 5270 1308 4066 14