UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          No. 3:21-cr-31-BJB

JOHN F. JOHNSON

## MEMORANDUM OPINION & ORDER

John F. Johnson is serving an 84-month sentence for brandishing a rifle while assaulting or intimidating an on-duty law-enforcement officer. He asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), citing medical conditions and rehabilitation. Motion for Sentence Reduction (DN 126). Because the motion doesn't show extraordinary and compelling reasons for early release, and because the factors Congress enacted in 18 U.S.C. § 3553(a) cut against reducing Johnson's sentence, the Court denies his motion.

I.

A federal grand jury indicted Johnson in February 2021. Fifteen months later, a jury convicted him of assaulting or intimidating a law-enforcement officer and brandishing a firearm during that crime. Presentence Investigation Report (DN 104) at 4. He faced a mandatory minimum sentence of 7 years and a combined statutory maximum of 27 years in prison. *Id.* at 15. The advisory Guidelines range was 90–96 months. *Id.* at 15–16. This Court imposed a below-Guidelines sentence of 86 months: two months on Count 1 to run consecutively with 84 months on Count 2. Judgment and Commitment (DN 111) at 3. Johnson reports that his release, absent this Court's intervention, would happen in July 2028. Motion for Sentence Reduction at 4.

In July 2024, Johnson filed this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). His *pro se* request rests on medical conditions following two heart surgeries and his rehabilitation efforts. Statement of Facts (DN 126-6) at 20, 32–34. The Government opposes the motion, arguing that the Bureau of Prisons is addressing Johnson's medical needs and that he is able to function independently. *See* Government's Response (DN 135) at 2.

II.

Before a federal inmate may request compassionate release, he must first ask his facility's warden to do so on his behalf. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (citing § 3582(c)(1)(A)). Only after the warden denies the request—or else does not reply after 30 days of receiving the request—may the inmate seek release on his own behalf. *Id.* The Government acknowledges that Johnson

1

exhausted this requirement. Government's Response at 5. He asked the warden for a sentence reduction on November 15, 2023, based on his medical condition. Motion for Sentence Reduction at 5, U.S. Exhibit 1 (DN 135-2) at 1–2. The warden denied the request on January 9, 2024. U.S. Exhibit 2 (DN-135-3) at 1. The warden claimed Johnson is "not suffering from chronic or serious medical conditions," "not experiencing deteriorating mental or physical health that substantially diminishes [his] ability to function in a correctional facility," and "do[es] not have a medical condition for which conventional treatment promises no substantial improvement to [his] mental or physical condition." *Id.*

### III.

Courts evaluating compassionate-release motions apply a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citation omitted). Release is appropriate only if (1) a prisoner shows that "'extraordinary and compelling' reasons warrant the reduction," (2) the court confirms that "any sentence reduction 'is consistent with applicable policy statements issued by the Sentencing Commission,'" and (3) the prisoner shows that the release is justified under the relevant § 3553(a) factors that govern federal sentencing decisions. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (quoting § 3582(c)(1)(A)(i)) (citations omitted). If any of these prerequisites is lacking, the motion must be denied. *Elias*, 984 F.3d at 519.

The Sentencing Commission's policy statement, amended in 2023, identifies six categories of circumstances that may qualify as extraordinary and compelling: (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse suffered in custody, (5) "other reasons" similar to those categories, and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b). Such circumstances, according to the Sixth Circuit (speaking before the policy statement), are "most unusual" and "far from common." *McCall*, 56 F.4th at 1055 (citation omitted). And in any event, district judges retain considerable discretion to determine whether a defendant's reasons are extraordinary and compelling. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

### IV.

**A. Extraordinary and Compelling Reasons**

**1. Medical Conditions**

A medical condition may be extraordinary and compelling if the defendant's condition matches one of the four situations described by the Sentencing Commission's policy statement. *See* U.S.S.G. § 1B1.13(b)(1). These include:

- "suffering from a terminal illness";
- suffering from a "serious physical or medical condition," or a "serious functional or cognitive impairment" that "substantially diminishes" the inmate's ability to provide self-care in prison;
- "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"; or
- facing heightened risk from a disease outbreak at the facility.

Johnson contends that his heart surgeries and resulting conditions satisfy these standards. Statement of Facts at 20, 32–34. But while his medical conditions appear to be serious, *see* Statement of Facts at 30, his circumstances do not match any of those identified in the policy statement.

Johnson has not shown that his condition is terminal. *See* § 1B1.13(b)(1)(A). He concedes as much, stating he is "not on death's door." Statement of Facts at 30. Bureau of Prisons Health Services Administrator Randa Moorman also confirms that "Johnson is not suffering from a terminal illness." U.S. Exhibit 5 (DN 135-6) at 1.

Nor has he established that his condition substantially diminishes his ability to provide self-care. *See* § 1B1.13(b)(1)(B). Johnson asserts that his post-surgery complications have left him debilitated and unable to care for himself. Statement of Facts at 30–31. But he offers no supporting medical evidence. The medical record, by contrast, indicates he can provide self-care. *See* U.S. Exhibit 5 (Johnson "is not experiencing deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility at this time."). Even assuming Johnson experienced some debilitating effects immediately after his surgeries in early 2024, those conditions do not demonstrate he cannot care for himself now. Johnson also asserts that BOP medical officials are falsifying records. *Id.* at 32–33. But he provides no proof for this serious allegation. Johnson's conditions undoubtedly pose challenges. But "[w]ithout evidence supporting [his] claims, the Court cannot find that [Johnson] has met his evidentiary burden showing that such an extraordinary and compelling reason exists." *United States v. Isaac*, No. 7:17-cr-6, 2024 WL 4376275, at *2 (E.D. Ky. Oct. 2, 2024).

Johnson further argues that he is not receiving necessary care. He points to his need for "specialized medication (Warfarin) and weekly blood monitoring," which he has requested, but his facility cannot provide. Johnson Reply Motion (DN 138) at 4–5. But no medical professional—inside or outside BOP—has recommended (much less prescribed) this treatment, and Johnson offers no evidence beyond citing a 2004 Merck publication and his own requests to doctors. Statement of Facts at 16. A treatment Johnson believes he needs, but record evidence doesn't otherwise commend, does not satisfy § 1B1.13(b)(1)(C). *See United States v. Graham*, No. 3:21-

3

cr-149, 2025 WL 1043627, at *3 (S.D. Ohio Apr. 8, 2025) ("The Court cannot find extraordinary and compelling circumstances exist without corroborating evidence in support of [the movant's] allegations.").

The record instead reflects that Johnson has consistently received medical care. *See* Statement of Facts at 19–22 (detailing medical procedures provided by the Bureau of Prisons and outside medical personnel). He has undergone two medical procedures, frequent health examinations, and physical therapy. *See id.* at 19, 24 (medical procedures); U.S. Exhibit 3 (DN 135-4) & U.S. Exhibit 4 (DN 135-5) (health exams); *id.* at 86, 93 (physical therapy). These records contradict his assertion that his care has been inadequate.

Finally, Johnson argues that his prosthetic heart valve and other conditions place him at heightened risk from infections like endocarditis (caused by strep or staph) or Covid. Statement of Facts at 13–14. He cites poor ventilation and past outbreaks of staph and conjunctivitis at the prison. Johnson's Reply Motion at 3. To support his claims, he again provides citations to a *Merck* publication. Statement of Facts at 23. All of this, Johnson argues, means he faces an "elevated risk of complications with a 100% fatality." Johnson's Reply Motion at 3.

But like his other arguments, this one fails because he does not provide any "corroborating evidence in support of [his] allegations." *Graham*, WL 1043627, at *3. None of the medical reports provided by Johnson or the Government mention endocarditis, or the other diseases he lists, as fatal. None say, and Johnson doesn't demonstrate, that he's at any heightened risk of infection that cannot be mitigated. As far as Johnson's risk of a Covid infection, because he has received the vaccine, U.S. Exhibit 5 at 1, he "largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons,* 15 F.4th 747, 751 (6th Cir. 2021). Without evidence that his medical conditions place him at a heightened risk of a disease outbreak, either endocarditis or Covid, this "Court cannot find extraordinary and compelling circumstances exist." *Id.*

Johnson's medical conditions do not meet any of the policy statement's criteria. He has not shown that they are terminal, prevent self-care, require care that BOP cannot provide, or place him at a heightened risk from an outbreak of infection. Without corroborating evidence supporting any of these circumstances, the Court cannot find that his medical conditions are extraordinary or compelling.

2. **Rehabilitation**

Johnson also argues that his rehabilitation, combined with his medical conditions, supports early release. Johnson's Reply Motion at 5. He cites a clean disciplinary record, completion of classes, service as a teaching assistant, creation of a new class for inmates, attainment of his doctorate, and "saving [an] inmate's life" by performing CPR. Statement of Facts at 41–43.

These extensive efforts at rehabilitation and reform are certainly commendable, and the Court applauds Johnson for them. But Congress has legislated, and Johnson acknowledges, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); Johnson's Reply Motion at 5 (acknowledging the statute but arguing it "interact[s] with other factors to constitute extraordinary and compelling reasons to reduce his sentence) (internal quotations marks and citation omitted); *see United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) ("Congress was emphatically clear that rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.") (cleaned up).

And Johnson's rehabilitative record, while positive, is not necessarily extraordinary: "many (if not most) inmates take advantage of the rehabilitative programs offered at state and federal institutions," *United States v. Mosley*, No. 1:09-cr-65, 2023 WL 8828004, at *4 (S.D. Ohio Dec. 21, 2023). Following prison rules, completing classes, and working jobs in prison "means that [an inmate] has met baseline expectations, not that he has done something extraordinary," *United States v. Logan*, No. 97-cr-99, 2021 WL 1221481, at *8 (D. Minn. Apr. 1, 2021).

Johnson's rehabilitation, though admirable, cannot justify compassionate release. Even combined with his medical conditions, it does not provide an extraordinary and compelling basis for compassionate release.

B. **Section 3553(a) Factors**

Even if Johnson could establish an extraordinary and compelling justification under § 3582(c), release would be inconsistent with the relevant sentencing factors set forth by Congress. *See* § 3582(c)(1)(A). These include the "history and characteristics of the defendant," the "nature and circumstances of the offense," and the need "to promote respect for the law," "reflect the seriousness of the offense," "provide just punishment," "[deter] criminal conduct," and "avoid unwarranted sentenc[ing] disparities." § 3553(a).

The § 3553(a) factors weigh against reducing his sentence. Johnson's crime was serious and potentially violent: he pointed an AR-15 at several officers. PSR at 4–6. He also has a history of threatening violence. *Id.* at 9–10. The danger posed by this conduct cautions against a sentence reduction, even though "no one was hurt." *See United States v. Wallace*, 832 F. App'x 949, 955 (6th Cir. 2020) (finding no error

in district-court conclusion that "nature of the offense" was serious because "a gun had been used to threaten"—albeit not actually injure—"another person").

Johnson's 86-month sentence reflects the seriousness of his offense, is not excessive, and protects the public from his future transgressions. *See, e.g.*, *United States v. Maxwell*, 991 F.3d 685, 693–94 (6th Cir. 2021) (affirming sentence based on "severity of [defendant's] criminal conduct" and "likeliness of recidivism"). The sentence is also not excessive: one was the statutory minimum and the other was a downward variance to only 2 months from the recommended 6–12 months. Reducing that sentence further would also risk creating "an unwarranted disparity in sentencing," as he was already sentenced below the Guideline range. *See, e.g.*, *United States v. Haygood*, No. 2:19-cr-144, 2022 WL 1073573, at *3 (E.D. Tenn. Apr. 8, 2022).

The § 3553(a) factors therefore weigh against early release.

## **ORDER**

The Court denies Johnson's motion for compassionate release (DN 126).